[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
On September 29, 1992, the plaintiff, Housatonic Lumber Company, filed an Application for Prejudgment Remedy seeking to attach the goods and estate of the defendant, David B. Chase. Said application was assigned for a hearing on October 26, 1992 and on October 19, 1992, the defendant was served in hand with the Application and accompanying documents at his office in Stamford, Connecticut.
The plaintiff's Application was granted by Judge Flynn on October 26, 1992, and an order for an attachment in the amount of $27,000 was issued. The defendant did not appear at that hearing. However, on March 3, 1992, Attorney Stanley Garrell did appear in the matter on behalf of the defendant. Later, on November 19, 1992, Attorney Roy Moss appeared on behalf of the defendant in lieu of Attorney Garrell.
The Order for Prejudgment Remedy Writ, Summons and Complaint, and accompanying documents were subsequently returned to the plaintiff and forwarded to a sheriff for service. The sheriff's return filed in this matter reflects that on November 25, 1992, having learned that the defendant now resided in Larchmont, New York, the sheriff "made service upon the Secretary of the State of the State of Connecticut, in accordance with Section 52-57 and 52-59B of the Connecticut General Statutes." The return further reflects that "afterwards on November 25, 1992, I deposited" the CT Page 1173 Post Office at Oxford, CT., a true and attested copy hereof, with my endorsement thereon sent Certified Mail, Return Receipt Requested, addressed to the within named defendant, DAVID B. CHASE, 3 Country Club Drive, Larchmont, N.Y. 10538." Thereafter, the sheriff on December 30, 1992, amended his return to state "I left a true and attested copy of the original Application For Prejudgment Remedy, Ex Parte Order, Signed Writ, Summons and Complaint with my endorsement thereon at the office of the Secretary of State. . . .'"
The defendant has moved to Dismiss this action based upon its claim that the process he received in the mail did not contain "an endorsement of service of such papers on the Secretary of State" as set forth in Connecticut General Statutes 52-59b. That fact was confirmed in an affidavit of the defendant. The affidavit does confirm that he in fact did receive the papers mailed by the sheriff on November 25, 1992 and in fact there has subsequently been filed a green card receipt signed by an agent of the defendant.
The defendant claims that despite the fact that the Secretary of State was served with the proper papers and those same papers were mailed in accordance with the requirements of the statute to the defendant in New York and received by him at that address, that the lack of the endorsement of service on the Secretary of State, deprives the Court of personal jurisdiction over the defendant.
The only case the court could find directly related to this subject is D'Occhio v. Connecticut Real Estate Commission,189 Conn. 162 (1983) which was not cited by either party in their briefs. In that case the plaintiffs had obtained, after default and a hearing in damages, a judgment against the defendant, William Pease, a real estate broker, for his fraud and misrepresentation in what was characterized as the plenary action. Thereafter, the plaintiffs filed a verified claim with the defendant Commission requesting payment out of the Real Estate Guaranty Fund for amounts unpaid on their judgment against Pease in what was characterized as the secondary action. Pease had originally been served after an order of notice at his wife's home in Florida. The defendant Commissioner, among other things, filed a Special Defense challenging the Court's personal jurisdiction over Pease in the plenary action due to defective service of process, to wit, the failure to serve the Secretary of State and failure to include in the copy mailed to the defendant Pease of an endorsement by the sheriff of such service. It was acknowledged that the validity of the judgment in the plenary action was an essential element which CT Page 1174 the plaintiff must show in the secondary action because a lack of personal jurisdiction over Pease may render the judgment void.
Although the holding in D'Occhio is not dispositive of the issue here, it is instructive. Initially, the deviations in that case from the requirements of 52-59b were far more serious in that apparently no service was made on the Secretary of State at all. After acknowledging that there was jurisdiction over the defendant under the long arm statute, as in the case here, the Court held,
 "Nor is there any reason to doubt that the methods used here for giving notice, under the circumstances of this case, satisfied the constitutional requirement of due process."
The Court went on to say that although the plaintiff's failure to follow the statutory requirements for service did not render the notice inadequate, "Such irregularities may render the judgment voidable but not void." The court did not need to answer that question because the attack there was collateral and not therefore effective.
This court is then left to determine whether the service defect in this case, the lack of an endorsement of service on the Secretary of State, even though the Secretary was in fact served, is enough to render any subsequent judgment voidable. The Court in D'Occhio only said such irregularities "may" render the judgment voidable.
Clearly the circumstances in D'Occhio were more irregular than here as there was no service in the Secretary of State at all.
The circumstances here are infinitely more favorable to the plaintiff. The original Application for the Prejudgment Remedy and the accompanying documents including an affidavit of debt from a plaintiff's representative and an unsigned complaint were served personally on the defendant while he still resided in Connecticut on October 19, 1992, advising him of the hearing before Judge Flynn on October 26, 1992. He chose not to appear at that hearing and the Order for a prejudgment remedy attachment was issued on October 26, 1992, authorizing, among other things, the attachment of several specifically described lots in Naugatuck, Connecticut, which were the same lots described in the original Application personally served on the defendant. His first attorney appeared in this court CT Page 1175 on November 3, 1992 and present counsel replaced Attorney Garrell on November 19, 1992. On November 25, 1992, the sheriff served the Secretary of State with the Order and Writ, Summons and Complaint, in the exact language as that served on him personally on October 19, 1992 and then mailed to him in accordance with the requirements under 52-59b, true and attested copies of those same papers. That action was accomplished after the sheriff had first attached the property in Naugatuck.
The only irregularity claimed at the hearing on this matter concerned the failure of the sheriff to include in the true and attested copy of the papers he served by mail on the defendant, the endorsement of service upon the Secretary of State. This Court concludes that the minor irregularity, especially in light of the fact that the Secretary was in fact served, is not such an irregularity as to render any judgment voidable and the motion is denied. The Court concludes on the basis of the peculiar facts of the case the personal jurisdiction over the defendant had been achieved.
GORMLEY, J.